**In the Matter of Joel C. LEVY.**

No. 45S00–9701–DI–19.

Supreme Court of Indiana.

May 30, 1997.

### ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING

On January 17, 1997, the Indiana Supreme Court Disciplinary Commission filed a *Verified Complaint for Disciplinary Action* in this case. In response thereto, the respondent has now tendered an *Affidavit of Resignation,* pursuant to Ind.Admission and Discipline Rule 23, Section 17.

Being duly advised, this Court now finds that, in 1994, the respondent was suspended by this Court for a period of not less than two years as a result of a prior disciplinary action. *In re Levy,* 637 N.E.2d 795 (Ind. 1994). Specifically, we found that the respondent, while serving as an attorney for the estate of Ethel L. Parzen, converted estate funds to his own use. Despite the severity of the respondent's misconduct, we did not disbar the respondent. Of significance to us was that the respondent had made full restitution to the estate in July 1988, including payment of $83,386.12 to estate beneficiary Zane Parzen, $157,692.62 to Eleanor Parzen, trustee of estate beneficiary Louis Parzen, and that he personally paid Louis's attorneys fees of $12,930. *Id.,* 637 N.E.2d at 796. Additionally, the hearing officer's report, based on evidentiary hearing held on December 16 and 17, 1992, noted that there was no indication that the respondent ever engaged in any other unethical conduct, either personally or professionally. That conclusion was supported by the stipulations of the parties.

In the present *Verified Complaint,* the Disciplinary Commission alleged the following: In 1988, the respondent negotiated a medical malpractice settlement of $344,944 on behalf of a client, then informed the client, both orally and by written settlement agreement, that the amount of the settlement was $120,000. He then executed a settlement agreement with the other parties to the action reflecting the actual settlement amount of $344,944 and filed it with the trial court. On July 11, 1988, the Indiana State Auditor issued a state warrant payable to the client and the respondent in the amount of $344,-944. Without his client's authorization, the respondent endorsed the warrant by signing his name and his client's name. He later deposited the entire settlement proceeds into his non-trust account. On July 25, 1988, the respondent disbursed $343,997.30 of the settlement proceeds. He paid $74,500 to his client (representing the net proceeds of a $120,000 settlement), $15,488.56 to his law firm, and, without the knowledge or consent of his client, used the remainder to make restitution in the Parzen matter.[1] On March 26, 1996, through reading an article in the Gary *Post–Tribune,* the respondent's client learned that her case had actually settled for $344,944.

A fair summary of these allegations, which respondent admits, is that he embezzled funds from a second client to repay the victims of the wrongdoing that resulted from in

---

1. To make restitution to the Parzen estate, the respondent paid, out of the medical malpractice settlement proceeds, $12,930 to the attorneys for Louis Parzen, $83,386.12 to Zane Parzen, and $157,692.62 to trustee Eleanor Parzen.

first suspension. The egregious nature of this misconduct is compounded by the respondent's knowingly false assertions in the prior action that he had engaged in no other misconduct. It is now clear that, in addition to helping himself to property belonging to others, the respondent intentionally misled the Disciplinary Commission and this Court. The Disciplinary Commission's present allegations indicate an ongoing pattern of deceit and conversion. The respondent's conduct unequivocally demonstrates character completely incompatible with the practice of law.

The respondent's *Affidavit of Resignation* is sufficient under Admis.Disc.R. 23(17). Accordingly, we find that it should be accepted and that the respondent should be immediately removed as a member of the bar in this state.

IT IS, THEREFORE, ORDERED that the resignation of Joel C. Levy is accepted. Accordingly, he is hereby removed as a member of the bar of this state, and the Clerk of this Court is directed to strike his name from the Roll of Attorneys.

IT IS FURTHER ORDERED that, by reason of this Order accepting the respondent's resignation, all issues not previously adjudicated in this proceeding are now concluded.

All Justices concur.

/s/ Randall T. Shepard
Randall T. Shepard
Chief Justice of Indiana